IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOSIE TAYLOR, JENNIFER NGUYEN, | § | |
| and ELIZABETH COOPER, | § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. 1:10-cv-650-LY |
| | § | |
| SETON HEALTHCARE d/b/a SETON | § | |
| MEDICAL CENTER WILLIAMSON | § | |
| and JOHN BUTLER, | § | |
| Defendants. | § | |

## DEFENDANT SETON HEALTHCARE'S REPLY TO PLAINTIFFS' RESPONSE TO MOTIONS FOR SUMMARY JUDGMENT

Defendant Seton Healthcare d/b/a Seton Medical Center Williamson ("Defendant" or "Seton") files this, its Reply to Plaintiffs' combined Response to the separate Motions for Summary Judgment Seton filed against the plaintiffs, Josie Taylor, Jennifer Nguyen, and Elizabeth Cooper (collectively, "Plaintiffs"). Although Plaintiffs filed a combined Response in opposition to Seton's separate Motions for Summary Judgment, and Seton is filing this single Reply to Plaintiffs' Response in an effort to maximize judicial economy, Seton nevertheless reiterates that this is not a class action; rather, this lawsuit involves three separate plaintiffs with individual claims and distinct factual allegations. By filing a combined Response, Plaintiffs hope to bolster their individual claims by lumping their contentions and evidence together; however, the Court is faced with three separate lawsuits, each requiring an individual analysis. Therefore, Seton respectfully requests that the Court analyze and consider each motion based upon its own merits.

## ELIZABETH COOPER

**A. Cooper admits she was not "constructively discharged," and she fails to present any evidence or argument in support of retaliation on any other grounds.**

Despite Cooper's allegations in the Complaint that she was "forced to resign from her

employment with Seton," when faced with the undisputable facts to the contrary, Cooper now "agrees that she was not constructively discharged by Seton."[1] Further, while the Response summarily states "Seton engage[d] in a pattern of retaliatory conduct against all three Plaintiffs,"[2] there is not a single reference in the Response to any evidence of any alleged retaliatory conduct regarding Cooper. Accordingly, Seton should be awarded summary judgment on all of Cooper's claims for retaliation.

**B.  Cooper was not subjected to severe or pervasive harassment.**

Although the Response again attempts to collectively attribute allegations "to Plaintiffs" without any factual basis[3], the undisputed evidence is that Cooper only claims the following as her basis for alleged harassment by John Butler: he put his hand on her shoulder, he touched her hip once, he embraced her from behind once, he hugged her, and he used the expression that he would "beat her with a wet noodle."[4] It is undisputed that Mr. Butler never touched Cooper in any private area.[5] It is also undisputed that Cooper and Mr. Butler only worked together for less than three months.[6] Thus, the conduct alleged by Cooper, even if assumed to be true, simply is not severe or pervasive under federal or Texas law,[7] and Seton is entitled to summary judgment on Cooper's claims for harassment.

**C.  The overwhelming evidence establishes Cooper did not complain of any harassment to Seton; there was no harassment after the time Cooper alleges that she complained.**

Because John Butler was not a supervisor,[8] Cooper and the other Plaintiffs must prove

---

[1] *See* Plaintiffs' Response at p. 19, fn 4.
[2] *See* Plaintiffs' Response at p. 19.
[3] For example, Plaintiffs disingenuously assert that "Mr. Butler touched the Plaintiffs' breasts and buttocks" where there is no evidence or allegation whatsoever of any such touching of Cooper. *See* Response, p. 26.
[4] Cooper Dep. 43:8-14; 44:24-45:15; 46:19-47:9; 47:15.
[5] Cooper Dep. 46:13-18, 123:16-18.
[6] Cooper Dep. 122:23-123:4; H. Nguyen Aff. ¶ 7.
[7] See, e.g., *Hockman v. Westward Comms., LLC*, 407 F.3d 317 (5th Cir. 2004); *Shepherd v. Comptroller of Pub. Accounts*, 168 F.3d 871 (5th Cir. 1999).
[8] Although the Fifth Circuit has not specifically addressed the definition of "supervisor" in the context of this

that Seton knew or should have known of the alleged harassment and failed to take prompt, remedial action.[9] Seton has presented documentary evidence that Cooper was given three separate opportunities to complain about any alleged conduct by John Butler (the first within two months of her starting work at Seton Williamson, the second on April 7-8, 2009, and the third on June 10, 2009). In each instance, Cooper affirmatively stated that she had no concerns.[10] Cooper cannot provide any evidence to dispute this documentary evidence other than to say that she "does not recall" making the statements, but admits that they may have occurred.[11] Moreover, even assuming that Cooper made a complaint to Seton in February 2009, as she now claims, the undisputed evidence establishes that Cooper admits that there was no actionable harassment after that time as she testified that Butler only "touched her on the shoulder" and made comments that he was going to "beat her with a wet noodle."[12] For these reasons, Cooper's harassment claims should be dismissed.[13]

## JENNIFER NGUYEN

A. **Nguyen has produced no evidence that Seton's legitimate, non-discriminatory disciplinary actions taken against her were a pretext for retaliation.**

Nguyen received the following discipline while employed at Seton Williamson, and she has produced no evidence of either a causal link between these legitimate disciplinary actions and any protected activity, or that the disciplinary actions were pretextual:

---

element of a harassment claim, it has defined the term "supervisor" in Title VII cases to require the authority to hire, fire, discipline and have significant control over the terms and conditions of the plaintiff's employment. See *Pfau v. Reed*, 125 F.3d 927 (5th Cir. 1997); *Nash v. Electrospace Sys., Inc.*, 9 F.3d 401 (5th Cir. 1993). Seton has presented undisputed evidence that John Butler did not meet these requirements of a supervisor.
[9] See *Hockman v. Westward Comms.*, LLC, 407 F.3d 317, 325 (5th Cir. 2004).
[10] Cooper Dep. 51:18-20; 52:22-24; 53:19-24, 54:15-2356:7-11; 56:19-57:14; 65:11-21; 66:7-25 & Ex. 3; H. Nguyen Aff. ¶¶ 6 and 8 & Ex. A.; T. Thor Aff. ¶ 3 & Ex A.
[11] Seton has presented admissible evidence through the testimony of Hue Nguyen and Tracie Thor that these statements were made by Cooper on the dates set forth in Seton's Motions and Reply, and Cooper has not produced any evidence to counter this testimony and documentary evidence.
[12] Cooper Dep. 48:25 – 49:23.
[13] See *Cooper v. Wal-Mart Transp., LLC*, 662 F.Supp.2d 757 (S.D. Tex. 2009); *Skidmore v. Printing & Pkg. Inc.*, 188 F.3d 606 (5th Cir. 1999).

- On June 3, 2009, Nguyen received a written warning for violating Seton's procedure on calling in to report that a shift would be missed on May 27, 2009.  Jennifer Nguyen does not dispute that she violated Seton's rules as indicated in the counseling.[14]

- On June 22, 2009, Nguyen was counseled for having three unscheduled absences in a three-month period in violation of Seton policy.  Nguyen admits that she had the unscheduled absences and does not disagree with the verbal counseling.[15]

- On December 22, 2009, Nguyen was counseled when she did not handle a shift change in accordance with Seton policy.  Although Jennifer Nguyen disagrees with Hue Nguyen's conclusion that she did not handle the shift change correctly, she did not appeal this counseling and she has not produced any evidence to dispute that she did not handle the shift change correctly. [16]

- On March 4, 2010, Nguyen was terminated when it was discovered that she had recorded vital signs for a patient in the patient's medical record but the vital signs had not been taken. The patient involved was a registered nurse who confirmed that her vital signs had not been taken.[17]  Nguyen did not appeal this counseling or her termination and has produced no evidence to dispute that she did not record the vital signs.

- Hue Nguyen treated Jennifer Nguyen consistently to how she treated another employee who had committed a similar offense: in August 2009, Hue Nguyen terminated another employee who she supervised for falsifying records regarding a patient's vital signs, and that employee has not complained about harassment or discrimination.[18]

- Nguyen's December 2009 disciplinary action and termination in March 2010 occurred more than seven (7) months and ten (10) months, respectively, after her EEOC charge.  These actions are far too removed in time from her protected activity to infer any causal link of retaliation.

Accordingly, there is no issue of material fact regarding the disciplinary actions taken by Seton, and Seton is entitled to summary judgment on Nguyen's retaliation claims as a matter law.

**B. Nguyen did not complain of severe and pervasive harassment to Seton; there was no harassment after the time Nguyen alleges that she complained.**

As set forth in the previous section, Nguyen must prove that Seton knew or should have known of the alleged harassment and failed to take prompt, remedial action.  It is undisputed that

---

[14] J. Nguyen Dep. 53:16, 54:6-55:8 & Ex. 10; H. Nguyen Aff. ¶ 10 & Ex. C.
[15] J. Nguyen Dep. 55:9-56:8 & Ex. 11; H. Nguyen Aff. ¶ 11 & Ex. D.
[16] J. Nguyen Dep. 85:22;  86:12-13, 87:3-5 & Ex. 22; H. Nguyen Aff. ¶ 12 & Ex. E.
[17] J. Nguyen Dep. 87:7;  90:1-3 & Ex. 23; H. Nguyen Aff. ¶ 13 & Ex. F.
[18] H. Nguyen Aff. ¶ 14 & Ex. G.

the only complaints Nguyen made to Seton were the following in April 2009:

- Nguyen stated that Butler had grabbed her around the waist, rubbed her back, and smelled her hair, but that she had not taken Butler's conduct seriously and that she "blew it off."[19]

- Nguyen stated that she had told Butler to stop, and he did.[20]

- Nguyen indicated that the last time Butler touched her was at least a month before her April interview, which would have been approximately March 6, 2009 or earlier, and she did not interact with Butler after giving the statement because she actively avoided Butler and because Hue Nguyen took steps to minimize their interactions by intentionally scheduling Butler and Jennifer Nguyen so that they had different patient assignments.[21]

- Nguyen never told Seton that Butler grabbed her chest, pulled her hair, touched her bottom, touched his crotch, shared information about his sex life, or offered to take off his shirt, as she now alleges.[22]

The undisputed evidence establishes that the conduct that Nguyen informed Seton of was neither severe nor pervasive, Nguyen failed to report any additional harassment, and Nguyen admits that she did not experience any other harassing conduct by Butler after her April 2009 report to Seton. Accordingly, Nguyen's harassment claims should be dismissed.

## JOSIE TAYLOR

A. **Taylor resigned from Seton and has presented no evidence that Seton's legitimate, non-discriminatory disciplinary actions taken against her were a pretext for retaliation.**

Taylor does not address nor provide any evidence to counter Seton's legitimate, nondiscriminatory reasons for Taylor's scheduled hours and floor assignments; therefore, her retaliation claims on these grounds should be dismissed. Likewise, Taylor does not produce any evidence that her April 1, 2009 written counseling was unwarranted, only her subjective belief that it should have only been verbal with no documentation. Taylor also has presented no evidence to establish that she did not engage in the misconduct that resulted in the October 2,

---

[19] J. Nguyen Dep. Ex. 4; H. Nguyen Aff. ¶ 6. Similarly, Nguyen testified in her deposition that she did not report Butler's conduct earlier because she thought it was harmless. J. Nguyen Dep. 28:15-20.
[20] J. Nguyen Dep. 35:8-12 & Ex. 4; H. Nguyen Aff. ¶ 6.
[21] J. Nguyen Dep. 35:8-12 & Ex. 4; J. Nguyen 199:11-17, 200:20-201:7; H. Nguyen Aff. ¶ 7.
[22] J. Nguyen Dep. 159:13-19, 161:21-23 35:16-20, 37:2-4.

2009 counseling, which occurred far after her complaints to Seton. Finally, Taylor has failed to present evidence that even remotely meets her burden under Fifth Circuit law of proving that her working conditions were "so difficult or unpleasant" that a reasonable person would have felt compelled to resign. Thus, her constructive discharge claim should be dismissed.

**B. Taylor has not presented evidence of severe or pervasive harassment.**

As set forth in Seton's Motion for Summary Judgment, the record establishes that Taylor was not subject to severe or pervasive harassment. In the Response, Taylor now tries to claim that it was "possible" that Mr. Butler had touched her rear end, and "at some point he probably did come in contact with my breasts," but she nevertheless cannot remember a single instance of that occurring.[23] Neither this new "possibility" of alleged conduct, nor the alleged conduct previously addressed in Seton's Motion, meets the Fifth Circuit's requirements for severe or pervasive harassment, and Seton is therefore entitled to summary judgment on Taylor's harassment claims.

## ASSAULT CLAIMS

Under Texas law, an employer may be vicariously liable for the intentional tort of its employee under the doctrine of respondeat superior or the theory of ratification.[24] Plaintiffs do not counter any of Seton's arguments and authorities that show that Seton cannot be held liable under a respondeat superior theory for Plaintiffs' claims of "assault" by Mr. Butler. Accordingly, Seton is entitled to summary judgment on Plaintiffs' claims under this theory.

Instead, Plaintiffs rely entirely on a ratification theory, claiming that Seton "authorized" and "ratified" Mr. Butler's alleged "assaults." Plaintiffs bear the burden of proving ratification.[25]

---

[23] Taylor Dep. 216:2-217:17.
[24] *Skidmore v. Precision Printing and Packaging, Inc.*, 188 F.3d 606, 614 (5th Cir. 1999).
[25] *Id.* at 615.

The employer's mere retention of the employee in service will not establish ratification.[26] Further, in cases where a plaintiff alleges the employer's "silence" as the basis for ratification, the employer must possess all material facts.[27]

Plaintiffs' ratification claims fail. First, even assuming for purposes of summary judgment 1) that offensive touchings as alleged by Plaintiffs occurred (which Seton strenuously denies), and 2) that the Plaintiffs made Seton aware of these offensive touchings (which Seton also strenuously denies), the undisputed evidence establishes that the Plaintiffs waited months (and in Plaintiff Nguyen's case, more than a year[28]) before notifying Seton. Second, assuming that Plaintiffs notified Seton as alleged, the following undisputed evidence establishes that the Plaintiffs failed to provide Seton with all material facts:

- Nguyen admits that she never told Seton that Butler grabbed her chest, pulled her hair, or touched her bottom as she now alleges occurred.[29]

- In Nguyen's signed written statement to Seton in April 2009, she indicated that she had not taken Butler's conduct seriously and that she "blew it off;"[30] she had told Butler to stop, and he did;[31] and she stated that the last time Butler touched her was at least a month before her April interview, which would have been approximately March 6, 2009 or earlier.[32] Nguyen does not dispute making these statements, but now says the statements were "not the truth."[33]

- Despite three separate written statements provided to Seton by Cooper in which she said she had no concerns about the workplace and was not aware of any inappropriate behavior by Mr. Butler, Cooper now states that she withheld information from Seton and provided false information.[34]

- Although Taylor now claims that Mr. Butler continued to assault her after she made complaints to Seton, there is undisputed evidence that Plaintiff Taylor told Seton HR

---

[26] *Id.*

[27] *Id.* at 615, citing *Southwestern Bell Telephone Co. v. Wilson*, 768 S.W.2d at 764.

[28] J. Nguyen Dep. 28:1-7, 100:6-11, 102:21-24.

[29] J. Nguyen Dep. 159:13-19, 161:21-23.

[30] J. Nguyen Dep Ex. 4; H. Nguyen Aff. ¶ 6.; similarly, she testified in her deposition that she did not report Butler's conduct earlier because she thought it was harmless. J. Nguyen Dep. 28:15-20.

[31] J. Nguyen Dep. 35:8-12 & Ex. 4.

[32] *Id.*

[33] Plaintiffs' Response at p. 14; Nguyen Dep. 106:3-10.

[34] Cooper Dep. 166:1-24, 172:15-25.

>Generalist Tracie Thor that she was comfortable at work and that Butler was no longer touching her.[35]  Once again, Plaintiff Taylor has testified that she doesn't "remember" this conversation, but if she did say such things to Ms. Thor they "would not have been accurate."[36]

Based upon Plaintiffs' testimony that they made incomplete and false statements to Seton regarding Butler's alleged "assaults," Seton could not have possessed all material facts regarding this conduct such that Seton could be found to have ratified it.[37]

Further, the summary judgment evidence also establishes that following the initial complaint by Taylor in June 2008, Seton verbally counseled Butler, issued Butler a written disciplinary counseling, conducted multiple investigations into Butler's alleged conduct, and adjusted Butler's schedule so that he had minimal potential contact with Taylor and Nguyen.[38] These actions by Seton cannot be considered "silence" that could constitute "authorization" or "ratification" of Butler's alleged conduct.

For all of these reasons, Seton is entitled to judgment as a matter of law on Plaintiffs' claims against Seton for ratification of the alleged assaults by Butler.

Plaintiffs' assault claims are also barred as a matter of law by the Texas Workers' Compensation Act ("TWCA").  The TWCA provides: "Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage ... against the employer or an agent or employee of the employer for ... a work-related injury sustained by the employee."[39]  Texas courts have concluded that the intentional tort exception should apply only if the "'assailant is, by virtue of control or ownership, in effect the alter ego of the corporation,' or where the corporate employer specifically authorizes the

---

[35] Tracie Thor Aff. ¶ 7.
[36] Taylor Dep. 142:9 -145:11.
[37] See *Skidmore v. Precision Printing and Packaging, Inc*., 188 F.3d at 615.
[38] See H. Nguyen Aff. and T. Thor Aff. and exhibits.
[39] Tex. Lab. Code § 408.001.

assault."[40]  Because the undisputed evidence establishes that Mr. Butler was not the "alter ego" of Seton, and Seton did not authorize the alleged assaults, Plaintiffs' claims against Seton for such alleged assaults are barred by the TWCA and should be dismissed as a matter of law.

## NEGLIGENCE CLAIMS

Seton has presented undisputed evidence that it was a workers' compensation subscriber at all times relevant to this lawsuit and that Plaintiffs' alleged negligence claims are based on conduct that allegedly occurred in the workplace during work hours.  The TWCA provides the exclusive remedy for injuries sustained by an employee in the course of his employment as a result of his employer's negligence.[41]  Plaintiffs' claims are similar to those alleged in *Ward v. Bechtel*: Plaintiffs allege that they were harmed while trying to do their jobs by another employee of Seton, and that Seton was negligent as a result thereof.  As the Fifth Circuit held in *Ward*, to the extent that Plaintiffs' cases are based on Seton's alleged negligence, such recovery is foreclosed by the TWCA, and Seton is entitled to judgment as a matter of law on Plaintiff's negligence claims. [42]

## CONCLUSION

Because Plaintiffs cannot sustain their burden of proof, and for the reasons set forth above and in Seton's individual motions, Seton respectfully requests that this Court grant its Motions for Summary Judgment, dismiss all of Plaintiffs' claims with prejudice, award Seton its costs, and grant any additional relief to which it may be justly entitled.

---

[40] *See Urdiales v. Concord Tech. Del., Inc.,* 120 S.W.3d 400, 406 (Tex. App.-Houston [14th Dist.]—2003, pet. denied). (dismissing employee's claim against employer for a supervisor's assault, explaining  that the TWCA's purpose would be "disturbed" if the court allowed "an employee, injured by the intentional tort of a co-employee, to sue and recover from their employer simply because the tort was committed (1) at work (2) by an employee of the company. Something more must be present to bring the case within the intentional injury exception.").
[41] *Ward v. Bechtel*, 102 F.2d 199 (5th Cir. 1997); *Ajaz v. Cont. Airlines,* 156 F.R.D. 145, 148-49 (S.D. Tex. 1994).
[42] *Id.* at 203.

Respectfully submitted,

**CORNELL SMITH & MIERL, LLP**
1607 West Avenue
Austin, Texas 78701
Telephone: (512) 328-1540
Telecopy:   (512) 328-1541

Edward M. "Ted" Smith
State Bar No. 00791682
Elizabeth "Betsy" S. Chestney
State Bar No. 24038103


By: /s/ Edward M. ("Ted") Smith
     Edward M. ("Ted") Smith

**ATTORNEYS FOR DEFENDANT**


**CERTIFICATE OF SERVICE**

I hereby certify that on September 23, 2011, I electronically filed a true and correct copy of this document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| **Counsel for Plaintiffs** | **Counsel for Defendant Butler** |
|---|---|
| Kell A. Simon | Tom Nesbitt |
| ROSS LAW GROUP | DESHAZO & NESBITT L.L.P. |
| 1104 San Antonio St. | 100 Congress Ave., Suite 800 |
| Austin, Texas 78701 | Austin, TX 78701 |
| Phone: (512) 474-7677 Telephone | Phone: (512) 617-5562 |
| Fax: (512) 474-5306 Facsimile | Fax: (512) 617-5563 |
| ksimon@rosslawpc.com | tnesbitt@deshazonesbitt.com |

By:   /s/ Elizabeth S. Chestney
      Elizabeth ("Betsy") S. Chestney