IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOSIE TAYLOR, JENNIFER NGUYEN, and ELIZABETH COOPER, | § § § | |
| Plaintiffs, | § § | |
| V. | § § | A-10-CA-650 LY |
| SETON HEALTHCARE d/b/a SETON MEDICAL CENTER WILLIAMSON, and JOHN BUTLER, | § § § § § | |
| Defendants. | § | |

**ORDER**

Before the Court are Defendant Seton Healthcare's Motion for Summary Judgment Against Plaintiff Elizabeth Cooper, filed August 31, 2011 (Clerk's Dkt. #24); Defendant Seton Healthcare's Motion for Summary Judgment Against Plaintiff Jennifer Nguyen, filed August 31, 2011 (Clerk's Dkt. #25); Defendant Seton Healthcare's Motion for Summary Judgment Against Plaintiff Josie Taylor, filed August 31, 2011 (Clerk's Dkt. #26); Plaintiff's Response in Opposition to Defendants' Motions for Summary Judgment, filed September 12, 2011 (Clerk's Dkt. #29); and Defendant Seton Healthcare's Reply to Plaintiffs' Response to Motions for Summary Judgment, filed September 23, 2011 (Clerk's Dkt. #30).

In reviewing the pleadings, the undersigned notes that in 2010 the Texas Supreme Court held that "employer liability for unwanted sexual touching by a coworker (simple assault under Texas law given its 'offensive or provocative' nature) is limited to the TCHRA scheme that specifically covers employer liability for sexual harassment." *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 803 (Tex. 2010). The Court's decision could be interpreted to hold that the Texas Commission on Human

Rights Act ("TCHRA") is the exclusive remedy for workplace sexual harassment and preempts common law claims against employers where the claims are predicated on the same conduct underlying a TCHRA claim:

> [s]exual harassment as a legal claim is a statutory creation of legislators, not a common-law creation of judges. As Williams' tort claim is grounded on sexual harassment, it would impose liability for failing to prevent a harm not cognizable under Texas common law. Further, recognizing a common-law cause of action in this context would negate the Legislature's carefully balanced and detailed statutory regime applicable to sexual-harassment claims, and effectively repeal the TCHRA in sexual-harassment cases where physical contact occurs.

*Waffle House*, 313 S.W.3d at 811-812.

Accordingly, Plaintiffs and Seton Healthcare are hereby ordered to file a letter briefing addressing the impact of *Waffle House* on Plaintiffs' common law claims against Seton on or before **Friday December 9, 2011**.

SIGNED this the 2nd day of December, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE