IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOSIE TAYLOR and | § | |
| JENNIFER NGUYEN, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | A-10-CV-650 AWA |
| | § | |
| SETON HEALTHCARE d/b/a SETON | § | |
| MEDICAL CENTER WILLIAMSON, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court are Defendant's Bill of Costs, filed April 9, 2012 (Clerk's Dkt. #113) and Plaintiffs' Objections to Defendant's Bill of Costs, filed April 23, 2012 (Clerk's Dkt. #117). Having considered the aforementioned documents, the case file as a whole, and the relevant law, the Court enters the following opinion and orders.

### I. Legal Standard

According to Rule 54(d) of the Federal Rules of Civil Procedure, "costs [...] should be allowed to the prevailing party."[1] FED. R. CIV. P. 54(d)(1). However, not all expenses incurred by a party can be reimbursed. *West Wind Africa Line v. Corpus Christi Marine Servs.*, 834 F.2d 1232, 1236 (5th Cir. 1988) (finding Rule 54(d) allows trial courts to refuse to tax costs otherwise

---

[1] In the present case, it is undisputed Seton was the prevailing party. This case proceeded to trial on February 27, 2012. After the Plaintiffs rested their case, and also at the conclusion of all the evidence, Seton made a motion for judgment pursuant to Federal Rule of Civil Procedure 50, which the Court denied. The issues were presented to the jury for its determination, and on March 2, 2012 the jury returned its verdict finding for Seton by answering "No" to questions one, four, and eight. The Court accepted and filed the verdict and entered a final judgment ordering Plaintiffs shall take nothing in this cause against Seton, and that Seton shall be awarded its costs of court. (Clerk's Dkt. #111).

allowable, but "it does not give them the power to tax items not elsewhere enumerated."). Pursuant to 28 U.S.C. § 1920, a judge or clerk of any court of the United States may tax as costs the following: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court-appointed experts and interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828. 28 U.S.C. §1920 (2008).

Courts may decline to award costs permitted by § 1920, but may not award costs which are not specifically listed in the statute. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42, 107 S.Ct. 2494 (1987). The party seeking recovery of its costs bears the burden of proving the amount and necessity of its costs. *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994).

## II. Plaintiffs' Objections

On April 9, 2012, Seton Healthcare d/b/a Seton Medial Center Williamson ("Seton") submitted a Bill of Costs claiming a total of $16,854.93. (Clerk's Dkt. #113). Plaintiffs raise the following objections to Seton's Bill of Costs: (1) video deposition costs may not be taxed because they were not necessarily obtained for use in the case; (2) video deposition editing costs may not be taxed generally; (3) Michael Howell's deposition and J. Hayley's deposition costs may not be taxed because they were not necessarily obtained for use in the case; (4) subpoena fees for Michael Howell and Vicky Blair may not be taxed because neither were called as witnesses or even appeared at the courthouse; (5) the cost of obtaining medical records of Josie Taylor from the Austin Regional Clinic may not be taxed because they were not necessarily obtained for use in the case; (6) the cost of

obtaining records from Plaintiffs' previous or subsequent employers may not be taxed because they were not necessarily obtained for use in the case; (7) the cost for the graphic design and printing and mounting of Defendants' time line exhibit may not be taxed; (8) the cost for producing documents requested by Plaintiffs may not be taxed because certain charges were either unnecessary or not included in the production received. The Court considers these objections in turn.

### A.     Video Depositions

Plaintiffs argue Seton may not recover $1845.75 in costs for the video depositions of each Plaintiff in this cause because they were not necessarily obtained for use in the case as is required under 28 U.S.C. § 1920(2). The Fifth Circuit has held:

> [c]osts related to the taking of depositions are allowed under § 1920(2) and (4) "if the materials were necessarily obtained for use in the case." *Stearns Airport Equip. Co., Inc. v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir.1999). "[A] deposition need not be introduced into evidence at trial in order to be 'necessarily obtained for use in the case.'" *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir.1991). A deposition is necessarily obtained for use in the case "[i]f, at the time the deposition was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery." *Id.* A district court's factual determination of whether a deposition was necessarily obtained for use in the case is afforded great latitude. *Id.* at 285-86.

*Marmillion v. American Int'l. Ins. Co.*, 381 Fed.Appx. 421, 429 (5th Cir. 2010). In this case, the Court will tax costs for video depositions utilized during trial because these videos are electronically recorded transcripts and were necessarily obtained for use in the case, as evidenced by their use at trial. Costs for video depositions that were not used at trial may not be taxed.

### B.     Preparation of video clips/editing

Plaintiffs argue Seton may not recover $3952.50 in costs for deposition video editing because other courts have held that taxation of costs for video editing depositions is not permissible. *See e.g.*

3

*Johnson v. Bergh*, 2009 WL 36421 at *2 (E.D. Mo. Jan. 6, 2009) ("[t]he statute does not allow taxation of costs for editing depositions"); *Thabault v. Chait*, 2009 WL 69332 at *12 (D.N.J. Jan. 7, 2009) (this Court must draw the line [regarding taxation of costs] at high-tech preparation of videotaped depositions of witnesses who testified live and in-person at trial). Plaintiffs also argue Seton provides no explanation as to what video clips are included in the amounts or why they were necessary to Seton's presentation of evidence at trial. Plaintiff additionally point out that, even if the cost creation of the video clips were recoverable, the invoices include charges relating to Elizabeth Cooper, who neither testified at trial nor presented any of her testimony through videotaped deposition. Plaintiffs argue the creation of video clips from her videotaped deposition could not be considered reasonably necessary.

Video editing is generally a convenience to counsel and not necessarily obtained for use in a case. Since the party seeking recovery of its costs bears the burden of proving the amount and necessity of its costs and Seton has not responded to Plaintiffs' objection, the cost of video editing should not be taxed. *See Fogleman*, 920 F.2d at 285-86 (party seeking costs bears the burden of supporting its request with evidence that a certain item was "necessarily obtained for use in the case").

C.    **Depositions of Michael Howell and J. Hayley**

Plaintiffs argue Seton may not tax the cost of Michael Howell's deposition ($644.25) and J. Hayley's deposition ($176.32) because they were not necessarily obtained for use in the case. Plaintiffs point out that the only evidence used at trial from Howell's deposition was the fact of his prior felony convictions. Furthermore, they note that no party used any portion of Hayley's deposition for any part of the trial or summary judgment proceedings.

Plaintiffs admit that Howell's deposition was used in the trial, and thus it was necessarily obtained for use in the case. Accordingly, the cost of Howell's deposition ($644.25) should be taxed. Plaintiffs allege Hayley's deposition was not used for any part of the trial. Seton has not responded to Plaintiffs' objection. Since the party seeking recovery of its costs bears the burden of proving the amount and necessity of its costs, the cost of Hayley's deposition ($176.32) should not be taxed.

**D.     Subpoena fees**

Plaintiffs argue that Seton's inclusion of $180.00 in subpoena fees for Michael Howell and Vicky Blair should be disallowed because neither were called as a witness or even appeared at the courthouse. "[C]ourts do not ordinarily allow fees for witnesses who have not testified at trial."[2] *Nissho-Iwai Co., Ltd. v. Occidental Crude Sales*, 729 F.2d 1530, 1552 (5th Cir. 1984) (citations omitted).  Here, Seton has not responded to Plaintiffs objections. Accordingly, these costs should not be taxed.

**E.     Josie Taylor's Medical Records**

Plaintiffs argue Seton may not seek $219.09 for the medical records of Josie Taylor from the Austin Regional Clinic. Plaintiffs assert Taylor's medical records were not relevant to the claims or damages asserted in this case because (1) Taylor testified that she never sought medical attention for any psychological harm associated with the conduct giving rise to her claims and (2)  Seton did not even include Ms. Taylor's medical records on their exhibit list. Since Seton has failed to respond to Plaintiffs' objections. As the party seeking recovery of its costs bears the burden of proving the amount and necessity of its costs, the Court finds these costs should not be taxed.

---

[2]As an exception to the general rule, "a court may award such a fee if the witness was ready to testify but extrinsic circumstances rendered his testimony unnecessary." *Nissho-Iwai*, 729 F.2d at 1552.

5

### F. Records from Plaintiffs' Previous or Subsequent Employers

Plaintiffs argue Seton may not seek $1616.28 in costs for Records from Plaintiff's Previous or Subsequent Employers as costs for copies necessarily obtained for use in the case. Plaintiffs portray Seton's discovery of these records as a mere fishing expedition that could not be reasonably calculated to lead to the discovery of admissible evidence. Specifically, they point out that Seton did not use a single page from any of these records during either the summary judgment or trial proceedings. Since Seton has failed to respond to Plaintiffs' objections. As the party seeking recovery of its costs bears the burden of proving the amount and necessity of its costs, the Court finds these costs should not be taxed.

### G. Graphic Design

Plaintiffs argue Seton may not seek $725 in costs for the graphic design and printing and mounting of Seton' time line exhibit. "[A]bsent pretrial approval of the exhibits ... a party may not later request taxation of the production costs to its opponent." *La. Pwr. & Light Co. v. Kellstrom*, 50 F.3d 319, 335 (5th Cir.1995) (per curiam). Seton did not seek pretrial approval of these exhibits. Accordingly, the Court finds these costs should not be taxed.

### H. Copy Fees for Documents Requested in Discovery by Plaintiff

Plaintiffs argue Seton may not seek $1,351.39 in costs for producing digital and hard copies of documents requested in discovery by Plaintiffs because certain charges were either unnecessary or not included in the production received. Specifically, Plaintiffs object to charges for "digital blowbacks," "OCR," "endorsement," "color copies," and "file conversion" on the invoices. Plaintiffs state that "digital blowbacks" appear to be the creation of hard copy documents from electronically stored information, and such costs should be disallowed because the documents could

simply have been produced in their native electronic format rather than in converted hard copies. Plaintiffs do not, however, specify whether they requested digital copies rather than paper copies. Because they did not so specify, the Court is not persuaded that Plaintiffs should not be charged for the costs of printing the documents they requested.

Plaintiffs also contend that the "OCRing" of hard copy documents to make them electronically searchable should not be included as a cost because the electronic copies Plaintiffs received were not searchable. Seton has not responded to Plaintiffs' objections. As the party seeking recovery of its costs bears the burden of proving the amount and necessity of its costs, the Court finds these costs should not be taxed. Plaintiffs do not specifically address the charges for "endorsement," "color copies," or "file conversion" other than stating they are inappropriate and unrecoverable. As such, the Court is not disposed to deny the taxation of these costs solely based upon Plaintiffs' unsupported assertions. Accordingly, of the costs for producing digital and hard copies of documents requested in discovery by Plaintiffs, only the OCR costs should not be taxed.

### III. Conclusion

For the reasons set out herein, the Court will APPROVE IN PART AND DENY IN PART both Seton' Bill of Costs (Clerk's Dkt. #113) and Plaintiffs' Objections to Defendant's Bill of Costs (Clerk's Dkt. #117) as set forth above.

SIGNED this 22nd day of June, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE