IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOSIE TAYLOR and § | | |
| JENNIFER NGUYEN, § | | |
| § | | |
| Plaintiffs, § | | |
| § | | |
| V. § | | A-10-CV-650 AWA |
| § | | |
| SETON HEALTHCARE d/b/a SETON § | | |
| MEDICAL CENTER WILLIAMSON, § | | |
| § | | |
| Defendant. § | | |

**ORDER**

Before the Court are Plaintiffs' Motion for New Trial, filed April 9, 2012 (Clerk's Dkt. #112); Plaintiffs' Amended Motion for New Trial, filed April 12, 2012 (Clerk's Dkt. #115); and Defendant's Response to Plaintiffs' Motion for New Trial and to Plaintiffs' Amended Motion for New Trial, filed April 17, 2012 (Clerk's Dkt. #116). Having reviewed the parties' filings, relevant case law, and the entire case file, the matter is ripe for determination.

**I. BACKGROUND**

Josie Taylor ("Taylor"), Jennifer Nguyen ("J. Nguyen"), and Elizabeth Cooper ("Cooper") were employees of Seton Healthcare d/b/a Seton Medical Center Williamson ("Seton"). They brought an action naming as defendants Seton and John Butler ("Butler"). In their complaint Plaintiffs alleged Butler, their former Seton co-worker, committed Assault and Offensive Physical Contact by intentionally or knowingly causing Plaintiffs to suffer apprehension of imminent harmful or offensive bodily contact, along with actual offensive bodily contact. (Compl. ¶ 53). Additionally, Plaintiffs brought claims against Seton (1) for discrimination and retaliation under both Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e2(a)(1), et seq. ("Title VII") and the Texas

Commission on Human Rights Act, Texas Labor Code § 21.001, et seq. ("TCHRA") and (2) for Butler's Assault and Offensive Physical Contact, based on theories of respondeat superior, ratification, and negligence. (*Id.* ¶¶ 39-56).

Butler and Seton filed motions seeking summary judgment as to Plaintiffs' claims. (Clerk's Dkt. #24-27). This Court issued a Report and Recommendation, which was adopted by District Judge Lee Yeakel. (Clerk's Dkt. #67). This Court's Report and Recommendation and Judge Yeakel's adoption order granted summary judgment in favor of defendants as to all Plaintiffs' claims except (1) Taylor's hostile-work environment sexual-harassment claim against Seton and her claim of retaliation against Seton, by which Taylor contended Seton wrongfully issued disciplinary writeups to her following her sexual-harassment complaints; (2) J. Nguyen's claims of retaliation against Seton based on disciplinary actions and her employment termination; and (3) Taylor, J. Nguyen, and Cooper's claims of assault alleged against Butler. Following the parties' consent, Judge Yeakel then referred and reassigned the case to this Court to "conduct all proceedings and order the entry of judgment" pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 73. (Clerk's Dkt. #73). Before trial, the parties agreed to dismiss Butler with prejudice. (Clerk's Dkt. #76).

This Court conducted a jury trial on February 27, 2012, which completed on March 2, 2012. The jury was asked to determine: "Was Josie Taylor sexually harassed?" (Clerk's Dkt. #108). The jury returned a verdict answering "No." (Clerk's Dkt. #109). The jury was asked to determine: "Did Seton discipline Josie Taylor for complaining about John Butler's alleged harassment or for filing a charge of discrimination with the EEOC?" (Clerk's Dkt. #108). The jury returned a verdict answering "No." (Clerk's Dkt. #109). The jury was asked to determine: "Did Seton discipline or terminate Jennifer Nguyen for reporting John Butler's alleged harassment or for filing a charge of

2

discrimination with the EEOC?" (Clerk's Dkt. #108). The jury returned a verdict answering "No." (Clerk's Dkt. #109). The Court accepted the jury's verdicts and entered final judgment in accordance with the verdicts on March 29, 2012. (Clerk's Dkt. #111). Plaintiffs now brings a motion requesting a new trial pursuant to Rule 59(a) of the Federal Rules of Civil Procedure.

## II. APPLICABLE LAW

The district court "has discretion to grant a new trial under Rule 59(a) of the Federal Rules of Civil Procedure when it is necessary to do so to prevent an injustice." *Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc.*, 62 F.3d 767, 774 (5th Cir. 1995). New trials can be granted under Rule 59 "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." FED. R. CIV. P. 59(a). The rule "confirms the trial court's historic power to grant a new trial based on its appraisal of the fairness of the trial and the reliability of the jury's verdict." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 612-13 (5th Cir. 1985). "A new trial may be granted, for example, if the district court finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Id*. at 613.

To be entitled to a new trial, Plaintiff must show that the verdict was against the great weight of the evidence, not merely against the preponderance of the evidence. *Dresser-Rand Co. v. Virtual Automation, Inc.*, 361 F.3d 831, 838-39 (5th Cir. 2004); *Shows v. Jamison Bedding, Inc.*, 671 F.2d 927, 930 (5th Cir. 1982). A jury verdict is entitled to great deference. *Dresser-Rand Co.*, 671 F.2d at 839. "Weighing the conflicting evidence and the inferences to be drawn from that evidence, and determining the relative credibility of the witnesses, are the province of the jury, and its decision must be accepted if the record contains any competent and substantial evidence tending fairly to

support the verdict." *Gibraltar Savings v. LDBrinkman Corp.*, 860 F.2d 1275, 1297 (5th Cir. 1988). If the jury awards damages that the trial judge finds are inadequate as a matter of law, "then the plaintiff deserves a new jury trial." *Jones v. Wal-Mart Stores, Inc.*, 870 F.2d 982, 985 (5th Cir. 1989).

## III. ANALYSIS

Plaintiffs request a new trial on three grounds: (1) the jury's verdict was against the weight of the evidence; (2) Plaintiffs were prejudiced by the Court allowing Diana Selvig ("Selvig") to testify regarding settlement matters, and in being denied the opportunity to present evidence to rebut Selvig's testimony and to fully cross examine Selvig; and (3) counsel for Defendant made facial expressions during the trial in contravention of the Court's Rules of Decorum.

**A.   Jury's Verdict Supported by the Evidence**

Plaintiffs argue each of the jury's answers was against the weight of the evidence. Regarding Josie Taylor's sexual harassment claim, the jury was asked to determine: "Was Josie Taylor sexually harassed?" (Clerk's Dkt. #108). The jury returned a verdict answering "No." (Clerk's Dkt. #109). The Court instructed the jury that sexual harassment means conduct that is "sufficiently severe or pervasive to alter the conditions or terms of a plaintiff's employment." (Clerk's Dkt. #108).

Plaintiffs argue that the jury's verdict was against the weight of the evidence. Specifically, they argue that the great weight of the evidence established that Butler had a pattern of touching women inappropriately, including Taylor. Plaintiffs argue that the conduct Taylor described meets the "severe or pervasive" standard. However, it is the jury's prerogative to believe or disbelieve a witness's testimony. In the present case, Taylor's testimony was contradicted by a number of witnesses. Taylor stated that several people had either witnessed Butler inappropriately touch her or

4

had themselves been touched inappropriately by Butler. Some of those individuals she listed appeared at trial and testified that they had neither witnessed Butler touch Taylor inappropriately nor been touched inappropriately by Butler. Given such testimony, it is reasonable for a jury to disbelieve Taylor's testimony and to conclude she had not been subjected to severe or pervasive harassment. Accordingly, the Court finds the evidence at trial was sufficient to support the jury's verdict concerning Josie Taylor's sexual harassment claim. Consequently, the Court finds the verdict on this claim was not against the great weight of the evidence and was not inadequate as a matter of law.

Regarding Josie Taylor's retaliation claim, the jury was asked to determine: "Did Seton discipline Josie Taylor for complaining about John Butler's alleged harassment or for filing a charge of discrimination with the EEOC?" (Clerk's Dkt. #108). The jury returned a verdict answering "No." (Clerk's Dkt. #109). Plaintiffs argue that the jury's verdict was against the weight of the evidence. Specifically, they state that, after Taylor's second report of sexual harassment, she was given two written reprimands. The first reprimand was for saying "fuck" in front of another employee. Tamara Parker testified that she heard Taylor say, "I don't do fucking baths." Plaintiffs assert that other employees had used this word and were not disciplined. However, Hue Nguyen testified that she did not tolerate such behavior and had disciplined another employee for similar conduct based upon a complaint by, of all people, Josie Taylor. Other witnesses testified that Hue Nguyen was strict about profanity. Given such testimony, it is reasonable for a jury to conclude Hue Nguyen disciplined Taylor for her profanity and not for complaining about Butler.

The second reprimand contained two alleged transgressions: (1) that Taylor ignored patient alarms while talking on her cell phone and (2) that Taylor committed a Health Insurance Portability and Accountability Act of 1996 ("HIPAA") violation by allowing a former employee to view the

telemetry screens that Taylor was monitoring. Regarding the patient alarm incident, Plaintiffs point out that Seton produced no evidence of the patient alarms she allegedly ignored. However, Melanie Frazier testified that she saw Taylor talking on a cell phone with Taylor's back to the monitor. Frazier further testified that she reported this to Hue Nguyen.

Regarding the HIPPA violation, Plaintiffs state that the undisputed evidence was that telemetry monitors were in full view of the general public—indicating that this grounds for discipline was pretextual. Plaintiffs further point out that evidence was introduced demonstrating a pattern of attempts by Hue Nguyen to find things to discipline Taylor for prior to the final discipline in October 2009. However, Hue Nguyen testified that a charge nurse had reported that Taylor had been sitting with a former employee in front of a monitor in full view of HIPAA-protected patient information. Given such testimony, it is reasonable for a jury to disbelieve Taylor's testimony and to conclude Hue Nguyen disciplined Taylor for the patient alarm incident and the HIPAA violation and not in retaliation for complaining about Butler.

Regarding Jennifer Nguyen's retaliation claim, the jury was asked to determine: "Did Seton discipline or terminate Jennifer Nguyen for reporting John Butler's alleged harassment or for filing a charge of discrimination with the EEOC?" (Clerk's Dkt. #108). The jury returned a verdict answering "No." (Clerk's Dkt. #109). Plaintiffs argue that the jury's verdict was against the weight of the evidence. Specifically, they state that Jennifer Nguyen's termination was an example of Hue Nguyen and Traci Thor disciplining Jennifer Nguyen for unsubstantiated and unprovable allegations. Seton terminated Jennifer Nguyen for allegedly charting vital signs that she had not taken. Seton relied on the fact that vital signs had not been taken on the "monitor" in the patient's room but had been charted there. Plaintiffs point out that Seton's witnesses admitted there was no way to tell from

the records that Jennifer Nguyen had falsified a patient's medical records. They further point out that Seton's witnesses confirmed that there were manual blood pressure monitors that Jennifer Nguyen could have used to record the vital signs she charted.

Seton points out that John Villasana testified that he noticed a patient's vital signs had not been taken but had been charted. Villasana also testified there was no manual blood pressure cuff in the room, and he testified that the blood pressure machine was in working order when he used it shortly after Jennifer Nguyen allegedly was unable to get the machine to work. Jennifer Nguyen admitted she did not report the broken machine despite testimony by witnesses that the rules require reporting broken equipment. Villasana also testified the patient herself stated she had not had her vital signs taken. Given such testimony, it is reasonable for a jury to disbelieve Jennifer Nguyen's testimony and to conclude Jennifer Nguyen was not disciplined for her report of harassment or the filing of an EEOC charge.

The jury weighed the evidence, assessed the witnesses' credibility, and resolved conflicts in the testimony. Although a different jury could have returned a different verdict, the present verdict was not contrary to the great weight of the evidence, and it was supported by legally sufficient evidence. This Court may not substitute its opinion for the collective wisdom of the jury. *Smith*, 773 F.2d at 613. Accordingly, a new trial should not be granted on these grounds.

**B.     Court Did Not Err by Allowing Testimony of Selvig**

Plaintiffs argue that this Court erred by allowing Selvig, a former coworker of both Plaintiffs, to testify that Taylor stated that there was discussion of a six- or seven-figure settlement of Taylor's case. First, Plaintiffs assert it was improper for the Court to allow this testimony without also allowing Plaintiffs to present evidence that, at the time of the conversation between Taylor and

Selvig, there had been no settlement discussions. Second, Plaintiffs argue Selvig's testimony should have been excluded pursuant to Rule 403 of the Federal Rules of Evidence because, even if true, such statements had no probative value, since they were made after Taylor and Nguyen had already left Seton, and had a high probability of prejudicing the jury against the Plaintiffs.

Regarding the Court's decision to permit Selvig's testimony, Seton argues that an evidentiary error is not an appropriate basis for a new trial. *See Ruvalcaba v. City of Los Angeles*, 64 F.3d 1323, 1328 (9th Cir. 1995) ("A new trial is only warranted when an erroneous evidentiary ruling 'substantially prejudiced' a party"). Seton points out that Plaintiffs made their Rule 403 objection at trial and it was overruled. Upon objection, the Court noted that Selvig's testimony was probative on the question of Taylor's motive for pursuing this case. As a result, Plaintiffs may raise this argument on appeal but a new trial is only warranted if the error resulted in substantial prejudice to Plaintiffs. Seton argues and the Court agrees that Selvig's testimony was admissible, and that there is no basis to find its prejudicial effect outweighed its probative value, much less that it resulted in substantial prejudice to Plaintiffs.

Regarding Plaintiffs' not being allowed to present evidence regarding the nonoccurrence of settlement discussions, Seton responds that it is not aware of any ruling by the Court that prevented Plaintiffs from presenting evidence regarding the timing of the meeting. Plaintiffs cross-examined Selvig and recalled Taylor to the witness stand in part to rebut Selvig's testimony. Plaintiffs were free to ask Selvig about the timing of the meeting and, during closing statements, to argue that the timing made Selvig's testimony less credible. Thus, the Court agrees with Seton that the Court made no ruling preventing Plaintiffs from bringing up the timing issue and, as a result, Plaintiffs have

failed to show that such a ruling caused them substantial prejudice. Accordingly, a new trial should not be granted on these grounds.

C.  **Counsel's Conduct during Trial Does Not Warrant New Trial**

During a bench conference on March 1, 2012 the Court noticed that counsel for Defendant had at times made facial expressions indicating her feelings about the testimony. Plaintiffs argue that such conduct is prohibited under the Court's Rules of Decorum. Seton responds that there is no evidence that counsel's lapse resulted in any prejudice to Plaintiffs, let alone evidence of the requisite prejudice that would be required to warrant granting a new trial. Seton also argues that, after the bench conference, Plaintiffs' counsel made no objections to defense counsel's conduct, thereby waiving any post-verdict arguments that Plaintiffs were prejudiced.  The Court has not forgotten that the bench conference where this issue was raised was took place because Plaintiff's counsel attempted to use his smart phone to capture video of opposing counsel, a blatant and egregious violation of the Court's rules regarding the recording of court proceedings that he should be glad was not punished more severely.  This breach of courtroom decorum far outweighed any by the Defendant.  There is no basis for a new trial arising out of this claim.

## IV. CONCLUSION

Accordingly, Plaintiffs' Amended Motion for New Trial (Clerk's Dkt. #115) is **DENIED**. Plaintiffs' Motion for New Trial (Clerk's Dkt. #112) is **DENIED AS MOOT.**

SIGNED this 22nd day of June, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE